IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOEL B. ATTIA                                                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 1:21-cv-00100-HSO-JCG

FOREST GENERAL HOSPITAL et al.                                          DEFENDANTS

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

This matter is before the Court *sua sponte* for consideration of Plaintiff Joel B. Attia's *pro se* Complaint filed on April 1, 2021 [1] and subsequent amended complaint [4].

### BACKGROUND

By order of April 7, 2021, the Court provisionally granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [2]. The Plaintiff's Complaint alleges that "on Forest Generals command [sic] the Marshal Office stopped me from filling in Forest Co." [sic] [1 at 5]. He seeks $10 trillion in damages based on violation of his "human rights on federal property by Marshals." [1 at 5]. The Court found the Plaintiff's Complaint failed to establish jurisdiction, and that the allegations were insufficient to state a viable claim for relief. [3 at 3]. Additionally, the Court found that without more information it was unable to determine if the claims were barred by the doctrine of res judicata or collateral estoppel. [3 at 3]. Furthermore, the Court determined that the Plaintiff failed to properly identify and provide addresses for service for Defendants Mike Doe and Marshal Doe. [3 at 3].

Accordingly, the Court directed the Plaintiff to file an amended complaint addressed each of the three aforementioned issues. [3 at 3]. The Plaintiff filed an amended complaint on April 30, 2021. [4]. The Plaintiff's amended complaint clarified that he is suing for $1 trillion in damages, and mental damages of $500 billion, as opposed to the $10 trillion stated in the Complaint. [4].

The amended complaint does not provide any information related to the basis for the Court's jurisdiction, the existence of a plausible claim upon which relief can be granted, or the identity or addresses of two named defendants.

## ANALYSIS

The Court provisionally granted the Plaintiff's *in forma pauperis* motion and directed him to file an amended complaint that: (1) specified the basis for the Court's jurisdiction, (2) provided sufficient facts to state a plausible claim for relief, and (3) identified and providing addresses for service for Defendants Mike Doe and Marshal Doe. After reviewing the amended complaint, the Court finds that the Plaintiff has failed to address any of the issues requested in the Court's previous order.

### I. Failure to Establish Federal Jurisdiction

Federal courts are courts of limited jurisdiction. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-137 (1992). Unlike state courts, federal courts have no inherit or general subject-matter jurisdiction. Instead, federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: Those involving diversity of citizenship, a federal question, or where the United States is a party to an action. *Kokkonen v. Guardian Life Insur. Co.*, 511 U.S. 375, 377 (1994).

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The burden of establishing jurisdiction rests upon the party asserting it. *Kokkenen,* 511 U.S. at 377.

In the present case, the Plaintiff asserts that the Court has jurisdiction due to the existence of a federal question. Title 28, section 1331 of the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under the basis for jurisdiction section, the complaint asks the Plaintiff to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." [1 at 4].

In response, the Plaintiff states "human rights on federal property by marshals." [1 at 4]. He provides no information about what rights may have been violated or how Defendants' actions violated these rights. Nor does the Plaintiff state any federal statutes, treaties, or provisions of the United States Constitution at issue in the case. And the Court is unable to discern any applicable provisions of law based on the statements provided by the Plaintiff.

Accordingly, the Court directed the Plaintiff to file an amended complaint specifying the basis for the Court's federal question jurisdiction. [3 at 3]. The Plaintiff's amended complaint does not address this matter. [4]. Instead, the amended

3

complaint states that he is suing Forest General et al., for $1 trillion in damages, and $500 billion in mental damages. [4 at 1-2].

The Court notes that an attempt to assert diversity jurisdiction would prove equally void. The Plaintiff asserts that he and the Defendant Forest General Hospital are residents of the state of Mississippi. Therefore, complete diversity among the parties cannot exist.

For these reasons, the undersigned finds that the Plaintiff has failed to follow the Court's Order and file an amended complaint establishing the existence of federal jurisdiction over this dispute. The Court further notes that diversity jurisdiction cannot be establish because the parties are residents of the same state.

## II. <u>Failure to State a Plausible Claim for Relief</u>

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In assessing whether the Complaint, in this case, states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.

Accepting all well-pleaded allegations in the complaint as true, the Court considers the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief. *Iqbal*, 556 U.S. at 681. "[P]leadings that ... are no more than conclusions are not entitled to the assumption of truth. While legal

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

"A pro se complaint is to be construed liberally with all well-pleaded allegations taken as true. Even a liberally construed pro se civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citations omitted).

The statement of a claim section directs the Plaintiff to (1) write a short and plain statement of the claim, (2) state the facts showing the painted is entitled to the damages or relief sought, and (3) indicate how each defendant was involved and what actions they took that caused the plaintiff harm or violated their rights, including the dates and places of that involvement or conduct. [1]. In response, the Plaintiff stated, "on Forest Generals command the Marshal Office stopped me from filling in Forest Co." [1 at 5].

Accordingly, the Court directed the Plaintiff to file an amended complaint alleging sufficient facts to state a plausible claim for relief. [3 at 3]. After reviewing the Plaintiff's amended complaint, the undersigned finds that the Plaintiff has still not stated a plausible claim for relief. Instead, the Plaintiff provides another set of allegations. Yet, the Plaintiff does not provide any information about what rights may have been violated or how Defendants' actions violated these rights.

For these reasons, the undersigned finds that the Plaintiff has failed to follow the Court's Order to file an amended complaint alleging sufficient facts to state a plausible claim upon which the Court can grant relief.

## III. <u>Failure to Demonstrate the Plaintiff's Claims are not Barred by the Previous Dismissal with Prejudice</u>

The Court's previous Order informed the Plaintiff that more information was needed to determine whether the Plaintiff's claims are barred by the doctrine of res judicata or collateral estoppel. As the Court explained the Plaintiff has previously named Defendant Re'Ally as a Defendant in other suits, including one that was dismissed with prejudice. *See Attia v. Jackson et al.*, 1:20-cv-00211-LG-RPM.

After reviewing the Plaintiff's amended complaint, the undersigned finds that the Plaintiff has failed to follow the Court's Order to file an amended complaint explaining whether the present claims are barred by the doctrine of res judicata or collateral estoppel. The undersigned further notes that this issue continues to arise with numerous cases that the Plaintiff files. *See Attia v. Martin et al.*, 1:21-cv-00090-LG-JCG; *Attia v. Jackson et al.*, 1:20-cv-00211-LG-RPM; *Attia v. Wray et al.*, 1:21-cv-00178-HSO-JCG.

## IV. <u>Failure to Identify and Provide Addresses for Defendants</u>

The Court's previous Order further directed the Plaintiff to file an amended complaint identifying Mike Doe and Marshal Doe and providing an address for service on each of the Defendants. [3 at 3]. After reviewing the Plaintiff's amended

6

complaint, the undersigned finds that the Plaintiff has still failed to identify or provide an address for either Defendant.

### V. Dismissal for Factual Frivolousness

Based upon the information provided, the Court provisionally granted the Plaintiff's *in forma pauperis* motion. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.*

To prevent this, section 1915(e)(2) authorizes federal courts to dismiss a claim filed in forma pauperis "if the action or appeal is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A court is not required to wait for a defendant to move for dismissal; a court may dismiss a case upon its own motion if the case falls within the parameters of § 1915(e)(2). *Neitzke,* 490 U.S. at 327.

Section 1915(e)(2)(B)(i) directs the court to dismiss a claim "at any time if the court determines that the action of appeal if frivolous or malicious." Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss

7

those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fanciful, fantastic, and delusional scenarios," or ones that "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Plaintiff claims that "on Forest Generals command [sic] the Marshal office stopped me from filling in Forest Co." Additionally, he claims a federal question exists because of "human rights on federal property by Marshals." These claims are irrational and wholly incredible. Lending further credence to the frivolousness of these claims, is the Plaintiff's request for $10 trillion in damages.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's complaint be dismissed for failing to demonstrate subject-matter jurisdiction, to state a plausible claim for relief, and to provide the identity of and address for service of Defendants Mike Doe and Marshal Doe. In the alternative, the undersigned recommends that the Plaintiff's claims be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing

objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 8th day of June 2021

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE